UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRIAN DEJAN**                                         **CIVIL ACTION**

**VERSUS**                                               **NO. 14-2731**

**LOCKHEED MARTIN CORP. ET AL**            **SECTION "A" (1)**

<u>**ORDER & REASONS**</u>

The following dispositive motions are before the Court: defendant Camgian
Microsystems Corporation's ("Camgian") "Motion for Summary Judgment" (Rec. Doc. 39), and
defendant Lockheed Martin Corporation's ("Lockheed") "Motion for Summary Judgment (Rec.
Doc. 40). Plaintiff Brian DeJan ("DeJan") opposes both motions. *See* Rec. Docs. 43 & 44. Both
Camgian and Lockheed have filed replies to DeJan's opposition. *See* Rec. Docs. 50 & 53. On
February 18, 2016, the Court cancelled the jury trial scheduled to commence on March 21, 2016,
noting that the Court would dispose of the foregoing motions before setting new trial dates. *See*
Rec. Doc. 54. For the reasons that follow, the motions of Camgian and Lockheed are GRANTED
and the Court will enter final judgment in favor of defendants Camgian and Lockheed and
against plaintiff.

**I. Background**

Plaintiff DeJan brings this action against Camgian and Lockheed as former employers,
alleging wrongful termination on the basis of race discrimination. *See* Rec. Doc. 1.[1] Camgian
acted as a subcontractor to Lockheed, providing Lockheed with certain technical and engineering
personnel as part of Lockheed's "Test Operation Contract" with the National Aeronautics and

---

[1] DeJan's complaint also alleged violations of the "Federal Whistle Blower Protection Act, Louisiana Whistle
Blower Protection Act, Louisiana Discrimination in Employment Act, and [alleged] illegal interference with and
under a federal contract." *See* Rec. Doc. 1 at 1. By prior order, all of DeJan's state law claims and his interference
with a federal contract claim have been dismissed with prejudice and DeJan's federal whistleblower claim has been
dismissed without prejudice for failure to exhaust administrative remedies. *See* Rec. Doc. 40. Accordingly, only
DeJan's race-based employment discrimination claims against Camgian and Lockheed remain.

Space Administration ("NASA") at the Stennis Space Center ("Stennis"). *See* Rec. Docs. 39–9, 40-3, 43-1, 44-1. Camgian hired DeJan in 2012 to work as a "Project Manager" for Lockheed at Stennis. *Id.* In late April 2014, Lockheed requested that Camgian temporarily remove DeJan from his position at Stennis. *Id.* Within a month, Lockheed requested that Camgian permanently remove DeJan from Stennis. *Id.* Camgian soon thereafter terminated DeJan's employment. *Id.*

DeJan asserts that he and his a supervisor Mark Javery ("Javery")[2]—both of whom are African-American—were the subject of a discriminatory internal investigation. *See* Rec. Doc. 1 at 3. DeJan contends that similarly situated, though less competent, white employees at Lockheed have been subject to similar internal investigations without being terminated. *See id.*; *see also* Rec. Doc. 43-1. DeJan alleges that Lockheed controlled the discriminatory investigation, but that Camgian terminated plaintiff's employment "using the same rationale [as Lockheed]— illegal race discrimination." Rec. Doc. 1 at 3.

Lockheed asserts that the decision to investigate and ultimately terminate DeJan stemmed from complaints by representatives of NASA made to Acting General Manager Terrence Burrel––an African-American. *See id.* According to Burrel, NASA's representatives complained specifically about the performance of DeJan and Javery and informed Burrel that they would be writing negative comments regarding Lockheed's performance. *See* Rec. Doc. 40-2 at 11–12. Burrel apparently reported the matter to General Manager Nanette Hardin (Hardin). *See id.* According to Hardin, she initiated an investigation and ultimately decided to terminate DeJan's employment because of NASA's complaint and because Hardin had observed deficiencies in DeJan's performance over several months relating to DeJan's ability to answer questions and understand the work involved. *See* Rec. Doc. 40-2 at 2. The parties do not apparently dispute that

---

[2] The Court also presides over Civil Action Number 14-2644, *Javery v. Lockheed Martin*, a related though as of yet unconsolidated action involving at least some common facts and issues as DeJan's action.

DeJan was replaced by another African-American. *See id.*; Rec. Doc. 43-1. Camgian contends that it terminated DeJan's employment "[s]ince he had only been employed by Camgian to work on that contract, and there were no other positions available for him at that time." Rec. Doc. 39-9 at 3.

Both Camgian and Lockheed now move for summary judgment on all of DeJan's remaining claims. Defendants each raise what essentially amount to two similar arguments in support of summary judgment against DeJan: 1) that DeJan was not an employee under applicable federal employment discrimination law; and 2) that, even if DeJan should be considered an employee for purposes of federal employment discrimination law, DeJan has not produced evidence giving rise to a meritorious claim for racial discrimination. For the reasons stated below, the Court concludes that—based on the record and law—DeJan cannot support a claim of racial discrimination against either Camgian or Lockheed.[3]

## II. Discussion

"Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-movant, show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (internal quotation omitted) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute over a material fact is "genuine" if the evidence in the record is such that a reasonable jury could find in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). Courts, however, must draw all justifiable inferences for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has shown "that there is an absence of evidence to support the non-

---

[3] The Court leaves unaddressed whether Camgian, Lockheed, or both defendants were DeJan's employer under applicable law.

moving party's cause, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial." *TIG Ins.*, 276 F.3d at 759 (internal quotation omitted) (citing FED. R. CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusory allegations, denials, improbable inferences, unsubstantiated assertions, speculation, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.*[4] (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

**DeJan's Employment Discrimination Claim Against Lockheed**

A plaintiff seeking to prove that his employer wrongfully terminated his employment on the basis of race in violation of Title VII can do so by putting forth either direct or circumstantial evidence of intentional discrimination. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Where, as here,[5] the plaintiff seeks to prove his case with circumstantial evidence, the plaintiff must establish his case under the framework set in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See id.* The plaintiff must first "create a

---

[4] The Court stresses this last point because Plaintiff's memorandum in opposition to Lockheed's motion repeatedly makes record citations that are either difficult to locate or not within the record at all. *See, e.g.*, Rec. Doc. 43-1 at 2 ("OIG finding at p._____"), 5 ("Burrel depo. A p._____"); *see also* Rec. Doc. 50 at 3 (Lockheed contending that the Court should disregard DeJan's references to OIG records, as well as any citations to portions of deposition records not attached as exhibits).
[5] DeJan does not argue that any direct evidence of intentional discrimination based on race exists in this case. *See* Rec. Docs. 43 & 44.

4

presumption of discrimination by making out a prima facie case of discrimination." *Id.* If the plaintiff meets this initial burden, then it becomes the employer's obligation to produce a "legitimate, nondiscriminatory reason for plaintiff's termination." *Id.* Should the employer do so, the presumption of discrimination is discarded and the plaintiff is left with the burden of persuading the factfinder by a preponderance of the evidence that the employer intentionally discriminated against plaintiff because of plaintiff's protected class status. *See id.*

For DeJan to make out a prima facie case of discrimination, he must establish that he was: 1) a member of a protected class; 2) qualified for the position at issue; 3) subject to an adverse employment action; and 4) either replaced by someone outside DeJan's protected class or treated less favorably than others who were similarly situated. *See Okoye v. Univ. of Tx. Houston Health Sci. Ctr.*, 245 F.3d 504, 512–13 (5th Cir. 2001). The parties do not apparently dispute that DeJan has established the first three elements of a prima facie case. *See* Rec. Doc. 40-1 at 9–11. Lockheed contends, however, that DeJan has failed to come forward with evidence establishing either that DeJan was replaced by someone outside of his protected class or that DeJan was treated less favorably than others outside his protected class who were similarly situated. *See id.* The parties do not dispute that DeJan was replaced by an African-American, meaning DeJan can only establish a prima facie case by presenting evidence that he was treated less favorably than a similarly situated employee. *See* Rec. Doc. 40-3 at ¶ 6; Rec. Docs 43-1 & 44-1.

DeJan contends that he was, in fact, treated less favorably than others outside his protected class who were similarly situated. *See* Rec. Doc. 43 at 5–6. Specifically, DeJan contends that Dion Lee ("Lee") was a Caucasian employee of Lockheed in an equivalent project

manager position as DeJan.[6] *See id.* DeJan argues that Lee had a documented history of not presenting well to clients, whereas DeJan had not received negative reviews before receiving notice that he was being terminated. *See id.* DeJan further argues that the same decision-maker terminating DeJan's employment, merely changed Lee's position. *See id.* at 2, 5–7. DeJan supports these contentions by citation to a declaration by Javery.  *See* Rec. Doc. 43-2 at 2. The declaration states that Lee had been the first presenter in monthly program review meetings, but was moved back in the presenting order after struggling during the presentations "because he was the first presenter." *See* Rec. Doc. 43-2 at 2. The declaration states that DeJan thereafter presented first "without issue." *Id.*

In response, Lockheed argues that DeJan's and Lee's situations were not sufficiently similar. *See* Rec. Doc. 50. Even accepting Javery's declaration as true, Lockheed argues that it establishes only that Lee was shifted in a presentation order after a decision was made internally that Lee had struggled going first in the presentation. *See id.* Lockheed contends that DeJan has presented no competence evidence that Lee was unable to explain cost overruns to a customer or had been the subject of a customer complaint. In contrast, Lockheed argues, DeJan was the subject of a direct customer complaint. *See id.*

The Court agrees with Lockheed that DeJan has failed to establish disparate treatment. Fifth Circuit precedent makes clear that DeJan must show that DeJan's and Lee's conduct leading to their disparate treatment must have been "nearly identical." *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001). Indeed, the "conduct that drew the adverse

---

[6] In one of the headings of his memorandum in opposition to Lockheed's motion, DeJan states that Clayton Carrubba ("Carrubba") was also treated more favorably. *See* Rec. Doc. 43. DeJan also makes reference to John Welbourne ("Welbourne"), apparently also because Welbourne was treated more favorably. *See id.* at 2. Other then mentioning Carrubba and Welbourne, however, DeJan provides no factual detail regarding the two employees. Accordingly, and for the reasons stated *supra* n.4, the Court disregards DeJan's contentions regarding Carrubba and Welbourne.

employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *See Paske v. Fitzgerald*, 785 F.3d 977, 987 (5th Cir. 2015) (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)). Under Fifth Circuit precedent, the Court looks to the "comparable seriousness" of the offenses for which discipline was meted out. *Lee*, 574 F.3d at 260. "The relevant perspective is that of the employer at the time of the adverse employment decision." *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012).

Making every reasonable inference in favor of DeJan, Javery's declaration simply does not establish that Lee is an appropriate comparator for DeJan's case. At best, Javery's declaration establishes that Lockheed made the decision to shift Lee's order in the presentation after reaching the internal decision that he struggled as the first presenter. This fact alone does not give rise to the inference that Lee was the subject of a customer complaint or even that Lee necessarily struggled to effectively explain a matter to a client. In contrast, there is no genuine dispute of material fact that the event leading to DeJan's termination was NASA's complaint to Burrel. NASA's complaint directly addressed DeJan and Javery. *See* Rec. Doc. 40-3.[7]

It is not the Court's role to generally validate Lockheed's decision to terminate DeJan following NASA's complaint. The Court notes that DeJan has dismissed his federal whistleblower claim without prejudice in order to pursue administrative remedies, presumably based on the theory that his termination was wrongful on grounds other than racial discrimination. *See* Rec. Doc. 32. For the purpose of the present motions, however, it is the Court's obligation to determine if DeJan has set forth evidence establishing a prima facie case

---

[7] DeJan attacks the credibility of Burrel; however, DeJan does not deny that NASA contacted Burrel, nor does DeJan offer any evidence indicating that NASA did not contact Burrel to complain about the performance of DeJan and Javery.

that his termination was the result of intentional discrimination based on race. The Court concludes that DeJan has not established a prima facie case and therefore grants summary judgment for Lockheed.

**DeJan's Employment Discrimination Claim Against Camgian**

DeJan's opposition to summary judgment for Camgian centers on the arguments that Camgian should be considered DeJan's employer and that Camgian had "a duty to assure that Mr. DeJan's civil rights were not violated." Rec. Doc. 44 at 5. Because the Court has reached the conclusion that DeJan has not established an underlying prima facie case that he was wrongfully terminated on the basis of race, the Court finds it unnecessary to address DeJan's arguments that Camgian was his employer and had a duty to defend Mr. DeJan's civil rights. As such, the Court grants summary judgment for Camgian.

Accordingly,

**IT IS ORDERED** that defendant Camgian Microsystems Corporation's ("Camgian") Motion for Summary Judgment is **GRANTED**. Plaintiff Brian DeJan's race-based employment discrimination claims against Camgian are **DISMISSED** with prejudice. Rec. Doc. 39.

**IT IS FURTHER ORDERED** that defendant Lockheed Martin Corporation's ("Lockheed") Motion for Summary Judgment is **GRANTED**. Plaintiff Brian DeJan's race-based employment discrimination claims against Lockheed are **DISMISSED** with prejudice. Rec. Doc. 40.

Judgment will be entered accordingly.

March 22, 2016

_____

**JAY C. ZAINEY**
**UNITED STATES DISTRICT JUDGE**